UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY M. STRONG,<br><br>    Plaintiff,<br>v.<br><br>XFINITY MOBILE HOME,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Civil No. 24-cv-11032-ADB<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    For the reasons set forth below, Plaintiff's motion [Dkt. No. 2] for leave to proceed *in forma pauperis* is ALLOWED; motion [Dkt. No. 4] to receive electronic notifications is ALLOWED, motion [Dkt. No. 4] for appointment of counsel is DENIED WITHOUT PREJUDICE. If Plaintiff wishes to proceed with this action, the Court grants him time to file an amended complaint that sets forth a basis for this Court's subject matter jurisdiction and a plausible claim upon which relief may be granted.

**I.    BACKGROUND**

    On April 18, 2024, Gregory M. Strong ("Strong"), a resident of East Boston, Massachusetts, filed a *pro se* complaint against Xfinity, Strong's former mobile and home cable provider. [Dkt. No. 1]. In his complaint, Strong invokes the Court's federal question jurisdiction but fails to list any specific federal statutes that are at issue in this case. [Id. at ¶ II(A)]. According to Strong, the defendant is liable for "selling [Strong's] credentials [and] giving him bills that don't belong to [him]." [Id. at ¶ III]. For relief, he states that he "want[s] to settle but if not, [he] want[s] a jury to award [relief]." [Id. at ¶ IV]. Strong attaches to the

complaint six handwritten "charges" against Xfinity. [Id. at 6 - 11]. The charges, in Strong's own words, are as follows: "Charges for Xfinity Mobile and Home," [id. at 6], "Xfinity Selling My Credentials Charges," [id. at 7], "Xfinity Charges for Trying to Turn Off My ACP Server," [id. at 8], Xfinity Spying with WiFi Charges," [id. at 9], "Allowing Access to my Account without an I.D.," [id. at 10], and Xfinity's Charges of Violation of My Civil Rights," [id. at 11]. Strong also attaches to the complaint copies of a disconnect notice and bill from Xfinity as well as a collection notice from a debt collector. [Dkt. No. 1-2].

With the complaint, Strong filed a motion for leave to proceed *in forma pauperis*. [Dkt. No. 2]. On May 14, 2024, Strong filed a motion seeking appointment of counsel and electronic notifications. [Dkt. No 4].

II.  **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Upon review of Strong's financial disclosures, the Court concludes that he has adequately demonstrated that he is without income or assets to pay the filing fee. The Court ALLOWS the motion for leave to proceed *in forma pauperis*.

III. **PRELIMINARY SCREENING**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"'The fundamental purpose'" of this pleading rule "'is to protect a defendant's . . . right to know in advance the nature of the cause of action being asserted against him.'" Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Additionally, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "The existence of subject-matter jurisdiction 'is never presumed,'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." Esquilín-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 3 (1st Cir. 2011). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law or the court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." Connectu LLC v.

Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). That is to say, "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 54 (1st Cir. 2009).

The Court must construe the complaint liberally because Strong is self-represented. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

IV. **DISCUSSION**

Here, the complaint does not invoke the Court's diversity subject matter jurisdiction and because the defendant is alleged to be a Massachusetts citizen, [Dkt. No. 1 at ¶ II(B)(2(a)], diversity subject matter jurisdiction does not exist. Rather Strong invokes the Court's federal question jurisdiction. [Id. at ¶ II(A)]. The complaint with the accompanying "charges" fails to state a federal claim.

To the extent Strong seeks to assert a civil rights claim pursuant to 42 U.S.C. § 1983, plaintiff must show not only that "some person deprived him of a federal right," but also that "such person 'acted under color of state or territorial law.'" Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980)). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of Section 1983. González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247-48 (1st Cir. 2012); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, Xfinity is a private company that would not ordinarily fall under the "color of state law" within the meaning of Section 1983.

To the extent Strong seeks to assert criminal charges against the defendant, he does not have standing to prosecute criminal charges against others, and the courts do not decide whether

4

a person should be charged under criminal statutes.  United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).

To the extent Strong wishes to proceed, he will be granted additional time to file an amended complaint, otherwise the action will be dismissed.  The amended complaint –- a new stand-alone document –- must set forth a basis for this Court's jurisdiction as well as a plausible claim upon which relief may be granted.  In preparing the amended complaint, Strong should, in sequentially numbered paragraphs, focus on each legal claim along with the basis for such claim.  If an amended complaint is filed, it will be further screened.  While Strong may include exhibits that are relevant to the claims, see  Fed. R. Civ. P. 10(c), if they are referenced as exhibits they must be attached.  Nevertheless, the use of exhibits does not excuse Strong of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the complaint.

V.     **CONCLUSION**

Accordingly:

1.     The motion for leave to proceed *in forma pauperis*, [Dkt. No. 2], is ALLOWED.

2.     The motion [Dkt. No. 4] to receive electronic notifications is ALLOWED.  The Clerk shall add Gregorystrong20@gmail.com as the electronic notification for this case.

3.     The motion [Dkt. No. 4] for appointment of counsel is DENIED WITHOUT PREJUDICE.

4.     If the Plaintiff wishes to proceed with this action, he must, on or before June 25, 2024, file an amended complaint that cures the jurisdictional and pleading deficiencies and sets

forth a plausible claim upon which relief may be granted.  Failure to comply with this directive within 28 days of the date of this Memorandum and Order will result in dismissal of this action.

    **SO ORDERED.**

May 29, 2024                                                       /s/ Allison D. Burroughs
                                                                                ALLISON D. BURROUGHS
                                                                                U.S. DISTRICT JUDGE